******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

BRASS CITY LOCAL, CONNECTICUT ALLIANCE OF
CITY POLICE *v.* CITY OF WATERBURY ET AL.
(AC 43328)

Bright, C. J., and Alvord and Devlin, Js.

*Syllabus*

The plaintiff police union sought to vacate an arbitration award in its favor
issued in connection with the defendant city's alleged breach of a collec-
tive bargaining agreement. Although the plaintiff had proposed a remedy
for the violation of the agreement to include back pay and benefits, the
arbitration panel did not include an award of damages. Initially, in a
first memorandum of decision, the trial court determined that, although
it could not vacate the arbitration award, the matter should be remanded
to the arbitration panel for further proceedings because it appeared that
the panel may have ignored important evidence in the record. Following
a response and clarification from the panel, the trial court, in a second
memorandum of decision, granted the plaintiff's motion to vacate the
arbitration award, and the defendant appealed to this court. *Held* that
the trial court erred by granting the plaintiff's motion to vacate the
arbitration award: in light of the trial court's conclusions in its first
memorandum of decision, that the conclusion of the panel to deny an
award of damages was neither inconsistent with the plain language of
the parties' agreement nor was it inconsistent with logic and reason to
deny payment for work not performed, and its determination that the
panel did not violate clear public policy to warrant vacating the arbitra-
tion award, the panel's award was a mutual, final and definite award
and there was no basis for the court to remand the matter for further
consideration of the evidence or the legal questions involved; accord-
ingly, the court should have denied the plaintiff's motion to vacate in
light of the conclusions set forth in its first memorandum of decision.

Argued April 14—officially released September 14, 2021

*Procedural History*

Application to vacate an arbitration award, brought to
the Superior Court in the judicial district of Waterbury,
where the matter was tried to the court, *M. Taylor, J.*;
judgment granting the application to vacate, from which
the defendant appealed to this court. *Reversed*; *judg-
ment directed*.

*Daniel J. Foster*, corporation counsel, for the appel-
lant (named defendant).

*Marshall T. Segar*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. This appeal arises out of an action by the plaintiff, the Brass City Local, Connecticut Alliance of City Police, in which a three member panel of the State Board of Mediation and Arbitration (panel) rendered an arbitration award in favor of the plaintiff. The plaintiff filed a motion to vacate the arbitration award, which was granted by the trial court. The defendant city of Waterbury[1] appeals from the judgment of the trial court vacating the arbitration award. On appeal, the defendant claims that the trial court erred in granting the plaintiff's motion to vacate the arbitration award. We agree with the defendant and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff and the defendant entered into a collective bargaining agreement (agreement). Article III § 2 (b) of the agreement authorized the superintendent of police to make vacancy appointments of eligible persons "to positions on an acting basis, due to the non-existence of a civil service promotional list . . . for a period no longer than nine (9) months." Subsection (b) of § 2 further provided that the defendant "may allow a person to continue in such a position for more than nine (9) months only if all eligible persons have already held the position for nine (9) months or have refused assignment to the position after it has been offered."

On May 16, 2016, the plaintiff filed a class action grievance alleging that the defendant had violated Article III § 2 (b) of the agreement on the ground that it failed to replace police officers holding acting basis appointments after nine months of service. Specifically, the grievance stated that "[t]here are several employees filling acting positions in excess of nine months . . . [in] violation of [Article III § 2 (b) of the agreement] between the [defendant] and the [plaintiff]." The defendant denied the grievance. Pursuant to the grievance procedures set forth in the agreement, the matter was submitted to the panel. The agreement provided that the authority of the panel as arbitrators was "limited to the interpretation and application of the provisions" of the agreement and that the panel did not have "authority to add to, or subtract from, or otherwise modify" the agreement. The issue submitted to the panel was: "Did the [defendant] violate Article III § 2 (b) of the [agreement] when [it] failed to appoint acting positions for less than [nine] months and if so, what shall the remedy be?"

On February 28, 2017, the parties were heard and presented evidence before the panel.[2] Thereafter, at the request of the panel, the parties submitted posthearing briefs proposing remedies for the alleged violation of the agreement. In its July 31, 2017 posthearing brief,

the plaintiff proposed the remedy of "back pay and benefits for those members affected [by the defendant's alleged violation of the agreement] on or after May 16, 2016, and not before." In its July 31, 2017 posthearing brief, the defendant proposed that, "if the grievance were sustained, it would be appropriate to order [it] (1) to cease and desist from the practice of maintaining persons in acting positions for more than nine months; and (2) to provide the [plaintiff] with written evidence of its cessation of this practice, including the names of all persons who held acting positions for longer than nine months, the positions held, and the beginning and end dates of their service in an acting capacity. . . . However, awarding back pay to all persons who, by reason of rank alone, would have been eligible to apply for the open budgeted positions would constitute a total payment to [the plaintiff's] members far in excess of the total that those members could actually have earned in acting positions." Ultimately, the defendant maintained that, "even if the grievance were sustained, any financial remedy would be an unwarranted punitive penalty and would constitute an improper windfall to the [plaintiff] and its members."

On September 5, 2017, the panel sustained the plaintiff's grievance. Specifically, the panel decided: "The [defendant] did violate Article III [§] 2 (b) of the collective bargaining agreement when it failed to appoint acting positions for less than nine months. The [defendant] is ordered to stop the practice of maintaining persons in acting basis positions for more than nine months consistent with the terms of Article III [§] 2 (b). The [defendant] is further ordered to provide the [plaintiff] with written evidence that its practice has ended, including the names of all persons who have held acting basis positions for longer than nine months, the positions held, and the beginning and end dates of their service in an acting capacity." The panel found that "[a]n award of [monetary] damages is inappropriate."[3]

On October 4, 2017, the plaintiff filed in the Superior Court a one count complaint and a motion to vacate the arbitration award. The plaintiff's complaint alleged that the panel had "exceeded [its] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made" in violation of General Statutes § 52-418 (a) (4).[4] Specifically, the plaintiff maintained that "the . . . panel issued [its] award which chose a nonfinancial remedy stating that the privilege of working in a higher classification was the reward in this case." The plaintiff further maintained that "[t]he award issued by the panel . . . did not address the gravamen of the grievance filed or evidence presented as remedy was not being sought for those who acted in a higher pay class but rather those that did not." Accordingly, the plaintiff requested that the arbitration award be vacated. The defendant filed an objection to the plaintiff's motion to vacate the arbitra-

tion award, in which it disagreed with the plaintiff's characterization of the arbitration award and argued that the panel "did decide the issues presented to them, they just didn't give the plaintiff the remedy it desired."

Thereafter, the parties submitted additional briefing in support of their respective positions. The plaintiff maintained that a financial remedy was appropriate because the agreement expressly provides: "When an employee performs, with the authorization of the Chief/ Superintendent or his or her designee, a substantial portion of the duties of a higher classification for a day, or a major portion thereof, he or she shall receive a normal day's pay for the higher classification." The defendant responded that this provision of the agreement was inapplicable because "[w]hat the plaintiff is seeking . . . is not increased pay for officers who performed the duties of a higher classification . . . [but] increased pay for all officers who did not perform the duties of a higher classification . . . but were eligible to do so." (Emphasis added.) With respect to determining the applicable standard of judicial review of the panel's decision, the plaintiff argued that the submission to the panel was restricted and, thus, the panel's decision was subject to de novo review.[5]

In a February 27, 2019 memorandum of decision, the court, *M. Taylor, J.*, first concluded that the submission to arbitration was unrestricted because "there was no agreement in the submission of the parties to restrict the scope of the remedy imposed by the [panel]." As such, the court recognized three grounds for vacating an arbitration award, as set forth by our Supreme Court in *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 273 Conn. 86, 94, 868 A.2d 47 (2005): "(1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . [and] (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Internal quotation marks omitted.) The court further noted that § 52-418 (a) (4) provides that an arbitration award shall be vacated if "the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-418 (a) (4). The court then proceeded to consider the plaintiff's arguments that the second and third grounds for vacating an arbitration award apply.

With respect to the third ground for vacating an arbitration award pertaining to the statutory proscriptions of § 52-418, the court stated that it "[could not] determine that the decision of the [panel] . . . manifests an egregious or patently irrational application of the law [and] is an award that should be set aside pursuant to § 52-418 (a) (4)." (Internal quotation marks omitted.) Specifically, the court determined that "the conclusion of the panel to deny an award of damages was neither

inconsistent with the plain language of the [agreement] nor was it inconsistent with logic and reason for it to deny payment for work not performed . . . ." With respect to the second ground for vacating an arbitration award pertaining to public policy, the court concluded that "ignoring relevant evidence should not form the basis of a violation of public policy." Specifically, the court stated that it "[could not] identify case law that would suggest that ignoring evidence in the record, absent misconduct, forms the basis for vacating an arbitration award."

Notwithstanding these conclusions, however, the court remanded the matter to the panel for further proceedings. The court determined: "It appears that the panel in this matter may have ignored important evidence[6] in the record leading the panel to a conclusion that was, ostensibly, disassociated from its stated rationale and it, therefore, may have reached a different conclusion. Although the conclusion of the panel to deny an award of damages was neither inconsistent with the plain language of the [agreement] nor was it inconsistent with logic and reason for it to deny payment for work not performed, the panel's rationale is either not fully explained or, alternatively, is inconsistent with the facts in the record." (Footnote added.) Accordingly, the court remanded the decision to the panel for clarification of the following questions: (1) "Did the panel take into consideration the fact that the [defendant] had reestablished the promotions list and, therefore, the rotation of acting positions for nine months pursuant to Article III § 2 (b) had ended at the time of its award?"; (2) "If the answer to question number [one] is yes, would the panel explain in greater detail its rationale for denying damages?"; And (3) "If the answer to question number [one] is no, would consideration of this fact have changed the conclusion of the panel in denying damages?"

On April 12, 2019, the panel issued a response. With respect to the first and third questions posed by the court, the panel stated that it "did not take into consideration the fact that the [defendant] had reestablished the promotions list and, therefore, the rotation of acting positions for nine months pursuant to Article III § 2 (b) had ended at the time of the award.[7] Consideration of this fact would have resulted in an award making all eligible employees whole due to the failure to replace those holding acting basis positions." (Footnote added.) Following the panel's response to the court's order, the parties submitted supplemental briefing on the motion to vacate the arbitration award.

In an August 7, 2019 memorandum of decision, the court reversed its earlier decision with respect to the third ground for vacating an arbitration award and agreed with the plaintiff that the arbitration award was "so imperfectly executed that a mutual, final and defi-

nite award upon the subject matter was not made," in violation of § 52-418 (a) (4). Specifically, the court concluded that "[t]he remedy provided by the panel is a nullity because it presupposed a remedy that no longer existed. Importantly, had it been aware of the fact that the promotions list had been reinstituted, it would have provided a far different and substantive remedy than the one improvidently imposed." Accordingly, the court granted the plaintiff's motion to vacate the arbitration award. This appeal followed.

On appeal, the defendant claims that the court erred by granting the plaintiff's motion to vacate the arbitration award. In light of the court's determination that (1) the submission to arbitration was unrestricted, (2) the panel's award was not illogical or inconsistent with the plain language of the agreement, and (3) the panel did not violate clear public policy to warrant vacating the arbitration award, the defendant argues that "controlling law required that the motion to vacate the award be denied" and that "further inquiry [on remand] was neither required nor permitted . . . ." We agree with the defendant.

We first set forth our standard of review. "The well established general rule is that [w]hen the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. . . . Furthermore, in applying this general rule of deference to an arbitrator's award, [e]very reasonable presumption and intendment will be made in favor of the [arbitral] award and of the arbitrators' acts and proceedings. . . .

"When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits. . . . An application to vacate or correct an award should be granted where an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission. . . .

"A challenge of the arbitrator's authority is limited to a comparison of the award to the submission. . . . Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or

the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. . . . The party challenging the award bears the burden of producing evidence sufficient to demonstrate a violation of § 52-418." (Citations omitted; internal quotation marks omitted.). *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, 258 Conn. 101, 114–15, 779 A.2d 737 (2001).

The issue submitted to the panel was: "Did the [defendant] violate Article III § 2 (b) of the [agreement] when [it] failed to appoint acting positions for less than [nine] months and if so, *what shall the remedy be*?" (Emphasis added.) With respect to the appropriate remedy, the panel determined that "[a]n award of [monetary] damages is inappropriate" and, instead, ordered the defendant to discontinue the improper practice and to provide the plaintiff with evidence of its discontinuation. This award conforms to the submission. Thus, it is clear that the panel did not exceed its authority. *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, supra, 258 Conn. 115.

In its February 27, 2019 memorandum of decision, the court specifically determined that "the conclusion of the panel to deny an award of damages was neither inconsistent with the plain language of the [agreement] nor was it inconsistent with logic and reason for it to deny payment for work not performed . . . ." Moreover, the court determined that the panel did not violate clear public policy to warrant vacating the arbitration award. In light of these conclusions, with which we agree, applying the general rule of deference to an arbitrator's award, and making every reasonable presumption and intendment in favor of the arbitral award and of the panel's acts and proceedings, we conclude that the court erred when it thereafter granted the plaintiff's motion to vacate the arbitration award. The panel's award was a mutual, final and definite award and there was no basis for the court to remand the matter for further consideration of the evidence or the legal questions involved. See *Industrial Risk Insurers* v. *Hartford Steam Boiler Inspection & Ins. Co.*, supra, 258 Conn. 115. Rather, the court should have denied the plaintiff's motion in light of the conclusions set forth in its February 27, 2019 memorandum of decision.

The judgment is reversed and the case is remanded with direction to deny the plaintiff's motion to vacate the arbitration award.

In this opinion the other judges concurred.

[1] The State Board of Mediation and Arbitration was also named as a defendant in the underlying action but is not participating in this appeal. All references to the defendant in this opinion are to the city of Waterbury.

[2] On July 6, 2017, the panel denied the defendant's motion to open the arbitration hearing to present additional evidence.

[3] Specifically, the panel found that "[a] prospective order of relief without

back pay will enable those serving on an acting basis to gain both the desired experience and also the additional compensation for acting service for nine months. Relief representing more than nine months of acting service is a modification of the contract prohibited by [the agreement].”

[4] General Statues § 52-418 (a) provides in relevant part: “Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.”

[5] See *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 81, 881 A.2d 139 (2005) (“[t]he determination by a court of whether the submission was restricted or unrestricted tells the court what its scope of review is regarding the arbitrators’ decision” (internal quotation marks omitted)).

[6] The court noted that, “[v]ery importantly, during the period between the [plaintiff’s] filing of its posthearing brief and the decision of the panel, a civil service promotional list was generated and police officer promotions were made by the [defendant] on a permanent basis, thereby eliminating the need to appoint acting personnel pursuant to [Article III] § 2 (b) of the [agreement]. In doing so, the first part of the [plaintiff’s] recommended remedy became moot. The only remedy remaining was the [plaintiff’s] request for back pay and benefits for eligible officers who were not placed into the nine month promotion rotations by the [defendant], in order to make them whole.”

[7] The panel clarified that it “was not made aware that appointment had become moot” despite the plaintiff’s claims to the contrary.

———————————————